# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2263

_____

Bayside Holdings, Ltd.;
Bayside House, Ltd.;
Bayside Pictet, Ltd.

*Plaintiffs - Appellants*

v.

Viracon, Inc.;
EFCO Corporation

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 13, 2012
Filed: March 13, 2013

_____

Before LOKEN, BRIGHT, and COLLOTON, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Bayside installed hurricane-resistant windows manufactured by Viracon and supplied by EFCO in a commercial development on the Island of New Providence, Bahamas. Shortly after installation of the windows, cracking and delamination (separation into layers) occurred in some of the windows. Nine years after it noticed

the defects, Bayside filed suit against Viracon and EFCO, seeking monetary damages. The district court[1] concluded that Minnesota's two-year statute of limitations applied to Bayside's breach of warranty claims[2] and granted summary judgment to EFCO and Viracon. We affirm the district court's judgment.

## BACKGROUND

Appellants are Bayside Holdings, Ltd., Bayside House, Ltd., and Bayside Pictet, Ltd. ("Bayside"). All three corporations have their principal place of business on the Island of New Providence, Bahamas. Appellees are Viracon, Inc. ("Viracon"), a Minnesota corporation that manufactures glass products, and EFCO Corporation ("EFCO"), a Missouri corporation that manufactures window systems, curtain walls, and glass door systems.

Bayside entered into a contract with a construction company to build a commercial development on the Island of New Providence. The construction company, in turn, hired Nassau Glass Company, Ltd. ("Nassau Glass") as a subcontractor. Nassau Glass then contracted with EFCO to supply the window products, which included glass manufactured by Viracon. Both EFCO and Viracon allegedly provided express written warranties that their products were free from defects.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

[2]Bayside's complaint sets forth numerous causes of action, including breach of contract, breach of warranty, fraud, negligent misrepresentation and negligence. However, on appeal, Bayside challenges only the district court's rulings dismissing its breach of warranty claims.

In May 2002, shortly after substantial completion of the development, Bayside observed cracks in some of the glass panels. Upon inspection, Nassau Glass discovered that the interlayers, not the glass itself, were cracked and informed EFCO of the problem. In April 2003, Nassau Glass learned from Bayside that water infiltration had occurred in a number of the windows. Nassau Glass relayed the infiltration problem to EFCO and sent some of the defective glass to EFCO for analysis. That same month, representatives of Bayside, Nassau Glass, EFCO, and Viracon met at the development. EFCO and Viracon both represented that they did not know what caused the glass failure but would investigate further. By the end of 2003, Bayside had allegedly filed warranty claims with EFCO and Viracon and learned from Nassau Glass that the glass failure may have stemmed from incompatible cleaning chemicals used to wash the windows. However, Bayside's Director rejected Nassau Glass's theory because the delamination occurred even on windows that had never been washed.

In the months following, EFCO and Viracon attempted to determine the cause of the glass failure, with both denying a defect in their respective products. Their dispute was made known to Nassau Glass in August 2004. EFCO informed Nassau Glass that a defect in the manufacturing of the glass caused the failure, while Viracon stated to Nassau Glass that excessive water infiltration and certain chemicals were the cause. Nassau Glass acknowledged in a fax to EFCO that there would be "no extended warranty on the replacement glazing that we have received for this project[,]" which EFCO confirmed in June 2006. But Nassau Glass later rejected EFCO's position, insisting that it was untenable for EFCO to refuse additional replacement glass because it had been providing glass for some time. Indeed, correspondence between Viracon and EFCO informs us that Viracon provided replacement glass to EFCO in 2004 and November 2007, per EFCO's request, despite an ongoing dispute concerning who should bear responsibility.

Nassau Glass and Bayside commissioned their own reports to determine the cause of the glass failure. The Norville Report, commissioned by Nassau Glass in 2006, concluded that differences in thermal expansion between the glass and polycarbonate led to the cracking and delamination. Similarly, Glazing Consultants International, LLC provided Bayside with a report in October 2009, which concluded that expansion of the interlayers and glass could have caused the cracking and that incompatible materials in the interlayer and sealant used for glazing may have caused the delamination.

In 2011, Nassau Glass assigned all claims against EFCO and Viracon to Bayside. On October 18, 2011, Bayside filed suit against Viracon and EFCO for breach of contract, breach of warranty, fraud, negligent misrepresentation and negligence. Viracon moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b), and 8 and EFCO moved for summary judgment. Bayside requested discovery pursuant to Federal Rule of Civil Procedure 56(d) and sought to amend its complaint. The district court granted Viracon's motion to dismiss (after converting it into a summary judgment motion) and EFCO's summary judgment motion. The district court denied Bayside's motion to amend.

Bayside appeals the dismissal of its breach of warranty claims, the denial of its request for discovery under Rule 56(d),[3] and the denial of its request to amend the complaint.

---

[3]The district court did not address Bayside's Rule 56(d) request asserting that certain facts were unavailable to it.

**DISCUSSION**

This court reviews a district court's grant of summary judgment de novo. *Quinn v. St. Louis Cnty.*, 653 F.3d 745, 750 (8th Cir. 2011). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court takes the facts "in the light most favorable to the nonmoving party" and draws "all reasonable inferences in the nonmoving party's favor." *Quinn*, 653 F.3d at 750. Once the moving party meets its burden, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not rely on mere speculation or conjecture. *See Doe v. Dep't of Veteran Affairs*, 519 F.3d 456, 460 (8th Cir. 2008).

The parties agree that Minnesota substantive law applies. "To establish a warranty claim [under Minnesota law] the plaintiff must basically prove: the existence of a warranty, a breach, and a causal link between the breach and the alleged harm." *Peterson v. Bendix Home Sys., Inc.*, 318 N.W.2d 50, 52-53 (Minn. 1982). A warranty of future performance is not breached until the party relying on the warranty discovers, or should have discovered, that the warranty will not be honored. *See Vlahos v. R&I Constr. of Bloomington, Inc.*, 676 N.W.2d 672, 678 (Minn. 2004). Further, "actions based on breach of an express written warranty . . . shall be brought within two years of the discovery of the breach." Minn. Stat. § 541.051, subd. 4.

We presume for purposes of this appeal, as do the parties, that EFCO and Viracon provided express written warranties for their products, even though the warranties are not in the record. The inquiry here is when Bayside discovered or should have discovered the breach—that Viracon and EFCO no longer intended to honor their warranties. If Bayside discovered or should have discovered the breach before October 18, 2009—two years before they filed suit—Bayside's breach of

warranty claims are time-barred. Bayside does not make clear in its complaint whether its breach of warranty claims are on its own behalf or made as assignee of Nassau Glass. We begin first with Bayside's claims as assignee.

An assignment places the assignee in the shoes of the assignor, giving the assignee the same legal rights as the assignor's before the assignment. *Ill. Farmers Ins. Co. V. Glass Serv. Co.*, 683 N.W.2d 792, 803 (Minn. 2004). Thus, to the extent that Bayside asserts its claims as assignee, it stands in the shoes of Nassau Glass.

Knowledge that EFCO would not honor its warranty came from its June 2006 letter to Nassau Glass, wherein EFCO unequivocally stated that its warranty period for the glass had expired. Similarly, Nassau Glass should have known that Viracon did not intend to honor its warranty when Viracon informed Nassau Glass, in June 2004, that excessive water infiltration and certain chemicals caused the glass failure—essentially that Viracon was not at fault. Nassau Glass rejected this theory and adopted a position contrary to that of Viracon concerning the glass failure. By the end of 2004, Nassau Glass had full knowledge of the dispute between EFCO and Viracon regarding liability for glass failure. Thus, the two-year statute of limitations began to run no later than 2006 in the case against EFCO and as early as 2004 in the case against Viracon, in any case well before October 18, 2009. As such, Bayside's breach of warranty claims as assignee are time-barred.

As for the breach of warranty claims that Bayside asserts on its own behalf, we also look to when Bayside discovered or should have discovered that EFCO and Viracon no longer intended to honor their warranties. *See Vlahos*, 676 N.W.2d at 678. After the parties' representatives met at the development in April 2003, Nassau Glass informed Bayside that certain chemicals used in washing the windows may have caused the cracking and delamination. Bayside expressed skepticism regarding this theory and took the position that its maintenance and cleaning did not cause the glass failure. Nonetheless, the record is devoid of any communications from Bayside to

Nassau Glass, EFCO, or Viracon to inquire further about the glass failure. Bayside did not commission an inspection of the failed glass until 2009, nearly six years after it allegedly filed warranty claims with EFCO and Viracon in 2003. Due diligence on Bayside's part would have revealed that EFCO and Viracon did not intend to honor their warranties, as both disputed the cause of the defects as far back as 2004.

Bayside's contention that it received replacement glass through 2008 and therefore could not have known that EFCO and Viracon would not honor their warranties is premised solely on the post-litigation statement of Bayside's President, Lawrence Glinton. According to Glinton "[a]pproximately 135 panes of glass have been replaced at no cost to Bayside . . . through mid-2008. Even after mid-2008, Bayside expected further repairs at no cost to Bayside." This statement concerns unsubstantiated conduct and does not support a genuine issue for trial. Without more, Glinton's statement cannot defeat summary judgment. *See Doe*, 519 F.3d at 460 (noting that the nonmoving party must produce more evidence than mere speculation or conjecture)*; DLH, Inc. v. Russ*, 566 N.W.2d 60, 70 (Minn. 1997) ("[A] genuine issue of material fact for trial must be established by substantial evidence." (internal quotations and citation omitted)).

Bayside does not dispute that it knew of the problems with the glass long before 2009. Bayside rejected the theory that its own conduct caused the cracking and delamination. Yet it failed to take timely steps to determine the cause of the glass failure or to timely bring an action against any of its suppliers including Viracon and EFCO. Bayside's breach of warranty claims are time-barred.

**CONCLUSION**

We affirm the district court's judgment.[4]

_____

_____

[4]Because we affirm the district court's judgment granting EFCO's and Viracon's motions for summary judgment, we need not discuss its denial of Bayside's Rule 56(d) for discovery and its denial of Bayside's motion to amend the complaint. Discovery could not add anything helpful to Bayside. The untimeliness of its suit is well established by the record.